# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2022

Lyle W. Cayce
Clerk

No. 20-60218
Summary Calendar

---

Francisca Angelica Herrera; Erick Antonio Fernandez-Herrera; Jennifer Elizabeth Fernandez-Herrera,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 839 997
BIA No. A209 839 998
BIA No. A209 839 999

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Francisca Angelica Herrera and her minor children, Erick Antonio Fernandez-Herrera and Jennifer Elizabeth Fernandez-Herrera, natives and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

citizens of El Salvador, petition for review of the Board of Immigration Appeals's (BIA) decision dismissing their appeal from an order of the Immigration Judge (IJ) denying their applications for asylum and withholding of removal. The petitioners challenge the BIA's conclusion that they failed to establish the required nexus between their family-based particular social group (PSG) and their feared persecution upon return to El Salvador. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The petitioners do not challenge the BIA's determination that they failed to demonstrate past persecution. Thus, any such claim is deemed waived. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Evidence in the record indicates that any harm the petitioners fear upon return to El Salvador would not be on account of their family-based PSG but rather in retaliation for Erick's refusal to join a gang. Accordingly, the evidence does not compel a conclusion that the petitioners demonstrated a well-founded fear of future persecution on account of a protected ground. *See Gonzales-Veliz*, 938 F.3d at 224; *Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015).

Because the petitioners have failed to demonstrate their entitlement to asylum, they cannot satisfy the more demanding standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Accordingly, the petition for review is DENIED.